# EXHIBIT A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| EDITH PEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | Division |
| WELLS FARGO HOME MORTGAGE ) | |
| Serve Registered Agent at: ) | |
| 2345 Rice Street, Suite 230 ) | |
| Roseville, Minnesota 55113 ) | |
| ) | |
| and ) | |
| ) | |
| WELLS FARGO BANK, N.A. ) | |
| ) | |
| Serve Registered Agent at: ) | |
| 2345 Rice Street, Suite 230 ) | |
| Roseville, Minnesota 55113 ) | |
| ) | |
| Defendants. ) | |

**PETITION**

COMES NOW, Plaintiff, EDITH PEELER ("Plaintiff"), by and through her undersigned Attorney of record, and for her PETITION against Defendant WELLS FARGO BANK, N.A. ("WFB") and WELLS FARGO HOME MORTGAGE ("WFHM") states and avers as follows:

**COUNT I - NEGLIGENCE**

1. Plaintiff is a resident of Kansas City, Jackson County, Missouri.

2. Defendant Wells Fargo Bank, N.A. is a National Bank with a principal place of business in South Dakota.

3. Wells Fargo Bank, N.A. is the parent institution to its subsidiary, Defendant Wells Fargo Home Mortgage, Inc.

4. Defendant Wells Fargo Home Mortgage, Inc. is a subsidiary of Wells Fargo Bank, N.A. with a principal place of business in Iowa.

5. Wells Fargo Home Mortgage, Inc.'s name appears on the mortgage statements. On information and belief, the Wells Fargo entities worked in conjunction in their handling of Plaintiff's actions/requests regarding the loan.

6. This Court has concurrent jurisdiction over this matter under Missouri law and 12 U.S.C. § 2614 of the Real Estate Settlement Procedures Act ("RESPA").

7. Venue is proper in this Court because the acts at issue occurred in the City of Kansas City, Missouri and WFHM conducted business in the City of Kansas City.

8. Plaintiff and her deceased spouse – Alexander Peeler III ("Mr. Peeler") purchased and took title to real property located at 9701 Lawndale Avenue, Kansas City, MO 64137 ("the home") by way of General Warranty Deed recorded on September 29, 1989.

9. In the years that followed and up until Mr. Peeler's death, Plaintiff and Mr. Peeler resided in the home together with their children.

10. According to the Jackson County property records recording system, the latest deed of trust recorded on the home before Mr. Peeler's death was between Plaintiff and Mr. Peeler (as husband and wife) and Plaza Home Mortgage, Inc. on April 30, 2010.

11. Plaintiff however, was not on the actual loan with Plaza Home Mortgage, Inc. – only Mr. Peeler signed for the actual loan ("the loan").

12. At some point between April 30, 2010 and the passing of Mr. Peeler in December 2017 Mr. Peeler began rendering payments towards the loan to defendant WFB through WFHM.

13. The Jackson County property records recording system does not reflect any interest vested in neither Defendant WFB nor WFHM.

14. Plaintiff does not recall Mr. Peeler ever receiving any documentation from Defendants WFB and WFHM regarding any transfer in interest of the deed of trust.

15. Plaintiff does not recall ever seeing any documentation from Defendants WFB and WFHM regarding any transfer in interest of the deed of trust.

16. Based on information and belief, the loan was being reported on Mr. Peeler's consumer credit report by Defendant WFHM.

17. After Mr. Peeler's death, Plaintiff continues to reside in the home as of current.

18. After Mr. Peeler's death, Plaintiff personally began to make the payments to Defendants WFB and WFHM so that she would not be subject to losing the home to the bank.

19. In or around October 2018, Plaintiff began to request information on the loan from Defendants WFB and WFHM.

20. See letter dated November 30, 2018.

21. As the months went on Plaintiff wanted to ensure that her own affairs were in order for her beneficiaries and determined that she wanted more than "access" to the loan and that she specifically wanted the loan to be put in her name as well as receive details about the loan such as interest rate, terms, etc.

22. In response to Plaintiff's Qualified Written Requests ("QWR"), Defendants failed to promptly and reasonably act in determining Plaintiff's successor in interest status.

23. In correspondence dated September 2, 2020, Defendant WFHM notes that in response to Plaintiff's inquiry it now expects to complete its work by September 21, 2020.

3

24. In correspondence dated September 22, 2020, Defendant WFHM notes that in response to Plaintiff's inquiry it now expects to complete its work by October 6, 2020.

25. In correspondence dated October 6, 2020, Defendant WFHM notes that in response to Plaintiff's inquiry, it now expects to complete its work by October 21, 2020.

26. Finally, in late October 2020, Defendant WFB through WFHM send correspondence to Plaintiff demanding that Plaintiff send in a photo ID of herself and other identifying information regarding the home in order to have the loan assigned to her name.

27. Plaintiff had already sent Defendants WFB through WFHM a copy of the deed, Mr. Peeler's death certificate, and a Refusal of Letters from the probate court.

28. Nonetheless, Plaintiff sent in her ID and other documentation once again to Defendant WFB through WFHM in or around November 2020.

29. As of filing this Petition, the loan has not been assigned to Plaintiff or otherwise placed in her name as she requested.

30. As of filing this Petition, Plaintiff has not received any documentation regarding the details and/or terms of the loan as she requested.

31. Defendants WFB and WFHM are aware of Plaintiff's age and race as per the several forms of identification Plaintiff sent to them.

32. Defendants WFB through WFHM are still refusing to assign the loan for the home over to Plaintiff's name.

33. Plaintiff has now had to pay costs associated with constantly returning to the probate court for documents requested by Defendants unnecessarily, mailing fees, copying fees, attorney fees, filing fees, etc.

4

34. Based on information and belief, Plaintiff believes that payments were inappropriately accounted for towards the loan and also believes that such errors in accounting also occurred while Mr. Peeler was still rendering payments to Defendants.

35. Based on information and belief, Defendants may not be entitled to even have received any payments towards the Property due to their lack of a recorded interest and/or proper notice of loan servicing.

## COUNT I: PETITION FOR DECLARATORY RELIEF

36. Plaintiff incorporates the previous paragraphs as if fully stated in this Count.

37. A controversy exists between the parties concerning the proper assignment of the loan with Defendants WFB and WFHM.

38. A controversy exists between the parties concerning whether Defendants WFB and WFHM have adequate and proper rights to the title of the home.

39. A controversy exists between the parties concerning whether Defendants WFB and WFHM have properly accounted for the payments rendered to them from both Plaintiff and Mr. Peeler.

40. A controversy exists between the parties concerning whether Defendants WFB and WFHM have maintained proper oversight of the escrow account on the home loan.

41. Plaintiff has a legally protected interest in title to the home.

42. Plaintiff has a legally protected interest to an assignment of the home loan.

43. The question presented as to whether Defendants WFB and WFHM have a legally protected interest greater than that of Plaintiff is ripe for judicial determination.

44. The question presented as to whether Defendants WFB and WFHM acted appropriately in the assignment of the home loan is ripe for judicial determination.

5

45. For the reasons set forth above, Defendants WFB and WFHM have acted improperly in the assignment of the home loan.

46. For the reasons set forth above, Defendants WFB and WFHM have acted improperly in securing any interest in the property.

47. Missouri law gives the Court power to declare remedies including ordering an affirmative act by an adverse party.

48. Plaintiff has no adequate remedy at law to determine who possesses superior rights to title the property.

49. Plaintiff has no adequate remedy at law to require Defendants WFB and WFHM to assign the loan to the property to Plaintiff.

50. Plaintiff seeks an order from the Court requiring that Defendants WFB and WFHM have no right to title of the property.

51. Alternatively, Plaintiff seeks an order from the Court requiring that Defendants WFB and WFHM immediately transfer the loan to the home over to Plaintiff.

WHEREFORE Plaintiff requests that the Court enter judgment against Defendants Wells Fargo, N.A. and Defendant Wells Fargo Home Mortgage, Inc. in excess of $25,000.00 for all available damages, court costs, any applicable pre-judgment and post-judgment interest amounts, to award the declaratory relief requested in this Count, and all other relief that this Court deems just and proper.

## COUNT II: VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT §15. U.S.C. 1691(a)

52. Plaintiff incorporates by reference each and every statement, allegation, and averment contained in the paragraphs above as if fully set forth herein.

53. Pursuant to §15. U.S.C. 1691(a)(1), "it shall be unlawful for any creditor to discriminate against any applicant, **with respect to any aspect of a credit transaction**—(1) on the basis of race, color, religion, national origin, sex or marital status, or age…"

54. On or around, September 2020, Plaintiff applied to Defendants WFB through WFHM for a continuation of credit as a rightful successor in interest.

55. Defendants WFB and WFHM regularly extends, renews, or continues credit;

56. Defendants WFB and WFHM regularly arranges for the extension, renewal, or continuation of credit;

57. Defendants WFB and WFHM are (presumably) assignees of an original creditor who participate in the decision to extend, renew, or continue credit.

58. Plaintiff is an applicant pursuant to 15. U.S.C. 1691a(b).

59. Pursuant to §15. U.S.C. 1691e(b), Any creditor who fails to comply with any requirement imposed under this subchapter shall be liable to the aggrieved applicant for punitive damages in an amount not greater than $10,000, in addition to any actual damages provided….

WHEREFORE, Plaintiff respectfully requests the Court for judgment in favor of Plaintiff as to Count II of her Petition and for such additional damages as are fair and reasonable, for prejudgment interest, for costs incurred herein and for such further relief as this Court deems just and proper.

### COUNT III: VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT 12 U.S.C §2605(e)(1)(B)

60. Plaintiff incorporates by reference each and every statement, allegation, and averment contained in the paragraphs above as if fully set forth herein.

7

61. Defendants are a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.

62. Plaintiff incurred actual damages due to Defendant WFHM's failure to adequately respond to Plaintiff's Qualified Written Request ("QWR"). This includes, but is not limited to, interest, penalties, attorney's fees charged, and costs.

63. A servicer who fails to comply with any provision of 12 U.S.C. § 2605 is liable to the borrower for each such failure for actual damages and statutory damages up to $2,000.

64. WFHM's pattern or practice of noncompliance also resulted in damages for emotional distress in an amount to be determined at trial.

65. As a result of a pattern or practice of noncompliance with RESPA due to the servicing problems by WFHM, WFHM is liable to the Plaintiff for actual damages, statutory damages pursuant to 12 U.S.C. § 2605(f)(1), and costs and attorneys' fees pursuant to 12 U.S.C. § 2605(f)(3) in an amount to be determined at trial.

66. Servicers must have policies and procedures to ensure that they "promptly facilitate communication with any potential or confirmed successors in interest" upon receiving "notice of the death of a borrower or of *any transfer* of the property." 12 C.F.R. § 1204.38(b)(1)(vi)(A) (emphasis added).

67. Upon receiving the foregoing notice, servicers must then "promptly" request documents, determine the status of the person, and notify the person "that the servicer has confirmed the person's status, has determined that additional documents are required (and what those documents are), or has determined that the person is not a successor in interest." 12 C.F.R. § 1204.38(b)(1)(vi)(B) and (C).

8

Case 4:21-cv-00624-SRB   Document 1-1   Filed 08/30/21   Page 9 of 12

WHEREFORE, Plaintiff prays judgment against Defendants in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) in such sum which is fair and reasonable, for Plaintiffs' costs incurred and expended herein, and for such other and further relief as the Court deems just and proper.

## COUNT IV – VIOLATIONS of the MISSOURI MERCHANDISING PRACTICES ACT ("MMPA"), § 407.010 et seq. (only as to Wells Fargo Home Mortgage, Inc.)

68. Plaintiff incorporates the allegations of the previous paragraphs as if fully set forth in this Count.
69. The mortgage (presumably) serviced by Defendant WFHM is "merchandise" as defined by §407.010(4), RSMo. 2016.
70. As a rightful successor in interest to the mortgage/loan, Plaintiff is entitled to the same rights as Mr. Peeler would have been entitled to when he entered into the mortgage agreement for personal purposes.
71. WFHM represented to Plaintiff that it was a rightful servicer of the home loan.
72. WFHM represented to Plaintiff that it would quickly and reasonably determine Plaintiff's status on the loan as successor in interest.
73. WFHM was obligated to quickly and reasonably act in its determination of Plaintiff's status as successor in interest to Mr. Peeler's loan.
74. Plaintiff had no choice but to deal with WFHM as they had Mr. Peeler's home loan hogtied to where Plaintiff could not take the loan anywhere until her name was on the loan.

75. Plaintiff acted as a reasonable consumer and timely and fully responded to all of WFHM's requests for additional information.

76. Plaintiff acted as a reasonable consumer and rendered payments towards the loan as WFHM was the entity sending bills to the Property and projected that they had the right to collect monies on the loan.

77. WFHM failed to perform the act of quickly, promptly, fairly and reasonably determining Plaintiff's status as successor in interest.

78. WFHM failed to perform the act of quickly, promptly, fairly and reasonably assigning the loan to Plaintiff upon seeing adequate proof that Plaintiff was the rightful successor in interest to the Property (and thus the loan).

79. These acts and omissions by WFHM constitute unfair, deceptive, and misleading practices in violation of §407.020 et seq., RSMo. 2020 and the regulations governing the MMPA.

80. Plaintiff is entitled to the recovery of actual damages and attorney's fees pursuant to §407.025.1, RSMo. 2020 caused by WFHM's failures and/or omissions as stated above.

81. WFHM's repeated failure to assign the loan to Plaintiff was willful, wanton, and malicious and displayed a conscious disregard for the Plaintiff's rights, entitling the Plaintiff to an award of punitive damages pursuant to §407.025.1, RSMo. 2020.

82. Plaintiff seeks a punitive damage award against WFHM of a fair and reasonable amount to be awarded by a jury.

83. Plaintiff reserves the right to add claims of Fraud, Fraudulent Misrepresentation, etc. based upon information obtained as the case progresses as Plaintiff again reiterates that Defendants have refused to provide any documentation to her regarding the loan.

Electronically Filed - Jackson - Kansas City - June 17, 2021 - 06:58 PM

84. Likewise, Plaintiff also reserves the right to bring claims on behalf of the late Mr. Peeler based upon information obtained as the case progresses as Plaintiff again reiterates that Defendants have refused to provide any documentation to her regarding the loan.

WHEREFORE Plaintiff Edith Peeler, request that the Court enter a total award of damages against Defendant Wells Fargo Home Mortgage, Inc. in excess of $25,000.00 for all actual damages, punitive damages, attorneys' fees, court costs, any applicable pre-judgment and post-judgment interest amounts, and all other relief that this Court deems just and proper

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts in this matter

Respectfully submitted,

 /s/ *Chiya Lloyd*

Chiya C. Lloyd, Esq.
PEARSON LAW, LLC
605 SW U.S. 40 Highway #447
Blue Springs, Missouri 64014
Email: cclloyd@pearsonlawllc.net
*Attorney for Plaintiff*